

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# Jong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jong v. Atty Gen USA" (2008). *2008 Decisions.* Paper 953.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/953

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3278
_____

GIOVANNI ESTERITA JONG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A79 479 558
Immigration Judge: Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2008
Before:  SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed June 30, 2008   )
_____

OPINION
_____

PER CURIAM

    Giovanni Esterita Jong, a native and citizen of Indonesia, petitions for review of an

order of the Board of Immigration Appeals ("Board" or "BIA").  The Board's order

adopted and affirmed the decision of an Immigration Judge ("IJ"), which found the

petitioner removable and denied her application for asylum, withholding of removal, and

protection under the United Nations Convention Against Torture (CAT). For the reasons that follow, we will deny the petition.

I.

Jong entered the United States in September 2000 on a visitor's visa, and stayed longer than authorized. She filed a timely request for asylum and related relief. Jong, who is a Chinese Christian, testified before an Immigration Judge (IJ) that she was harassed and touched inappropriately by native Indonesians in the 1970s when she was a teenager in school. She also testified that during the May 1998 riots in Jakarta, her father's shop was burned and destroyed and the office where she worked was burned. She also testified that her sister and brother-in-law have a bakery, and that drunken men would often throw rocks at the bakery, steal things, and urinate in front of the store. They also would ask for money, and her sister and brother-in-law sometimes had to give them money to prevent further harassment.[1]

The IJ found that Jong was credible, but that the experiences she described did not rise to the level of past persecution. The IJ also concluded that Jong had not proven that she would be singled out for persecution in the future, nor that there was a pattern or practice of persecution against Chinese Christians in Indonesia. The IJ denied all relief.

---

[1] After reviewing the record, we agree with the Government that "Petitioner makes several assertions in her brief that do not appear in the record." Appellee's brief at 5, n.3. As the Government notes, there is no support in the record for Jong's assertions that she was "robbed, raped, refused health care treatment, forbidden to celebrate Chinese holidays or learn the Chinese language, or prevented from attending church services." Id.

The BIA assumed that Jong was credible, but agreed that she had "described incidents of discrimination and not persecution under the Act." A.R. 2. The BIA stated that Jong had not established "past persecution or a well-founded fear of future persecution," and that she had not established a "'pattern or practice' of persecution against Christians in Indonesia." Id. Jong filed a timely, counseled, petition for review.

## II.

We have jurisdiction to review final orders of removal under section 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act of 2005. When the Board issues a decision on the merits, we generally review only the Board's order. See Li v. U.S. Attorney General, 400 F.3d 157, 162 (3d Cir. 2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We use a substantial evidence standard to review factual findings; Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003), as well as findings of an applicant's past persecution or "well-founded fear of future persecution," Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the substantial evidence standard, findings are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir. 2005). We review the Board's legal conclusions de novo, subject to the principles of deference articulated in

3

Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984). Briseno-Flores v. Attorney Gen., 492 F.3d 226, 228 (3d Cir. 2007).

Petitioner raises essentially three issues on appeal. Jong argues that the IJ erred in finding that she did not suffer past persecution; that the IJ erred as a matter of law in requiring that she show she would be "singled out individually for persecution"; and, that the Board "failed to provide a meaningful review of the IJ's decision."

The record does not compel a conclusion that Jong experienced persecution in the past. Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Although the incidents that Jong suffered are unfortunate, her account of isolated criminal acts and harassment does not rise to the level of persecution that would compel a conclusion contrary to the determinations of the IJ and the BIA. See Lie, 396 F.3d at 536.

Jong argues that the IJ erred in stating that she needed to show she would be "singled out" for persecution. The IJ did not make a legal error in his analysis. To establish a well-founded fear of future persecution an applicant must demonstrate that besides having a genuine subjective fear of persecution, "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." Lie, 396 F.3d at 536 (citation omitted). A petitioner may satisfy the reasonable person test by either showing that "she would be individually singled out for persecution" or by

4

demonstrating that "there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." Id. (citations omitted). Thus, absent a showing that there is a pattern or practice of persecution of Chinese Christians, Jong was required to show that she would be singled out for persecution. After review of the record, we find that substantial evidence supports the BIA's conclusion that Jong did not establish a well-founded fear of future persecution.

We further disagree that the Board "failed to provide a meaningful review of the IJ's decision." The Board indicated its agreement with the IJ's decision, cited case authority, and discussed Jong's particular claims, with citations to the record. The Board's decision reflects an individualized assessment and is adequate for our review. Toussaint v. Attorney General, 455 F.3d 409, 414 (3d Cir. 2006).

For the foregoing reasons, we will deny the petition for review.